Filed 1/13/15  Guardianship of J.C. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Guardianship of J.C., a Minor. | |
| LINDA B., | F068563 |
| Petitioner and Respondent, | (Super. Ct. No. VPR046348) |
| v. | |
| JOHN D., | **OPINION** |
| Objector and Appellant. | |

APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Law Office of Laurie Peters and Laurie Peters for Objector and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth and Todd W. Baxter for Petitioner and Respondent.

-ooOoo-

**INTRODUCTION**

Respondent Linda B. was awarded guardianship over her minor granddaughter J.C. by the Tulare Superior Court over the objection of appellant John D.  Appellant appealed.

Appellant argues the grant of guardianship to respondent in the absence of a report by child welfare services requires automatic reversal. Further, he maintains that failure, coupled with the denial of his change of venue motion, deprived him of his due process right to a fair trial. Next, appellant contends the court judged his "conduct on an unfair standard," violating his due process rights. He also contends the trial court abused its discretion by favoring a nonparent over a parent without evidence of detriment. Finally, appellant maintains substantial evidence does not support the court's ruling. He asks us to set aside the letters of guardianship and to return the minor to his custody.

In advance of opposing each of appellant's arguments on appeal, respondent asserts the appeal is now moot and should be dismissed. Specifically, she contends the appeal is moot because a judgment regarding a stipulation regarding establishment of parental relationship filed in Ventura County finding appellant to be the minor's father was vacated by that court subsequent to appellant's appeal. Respondent maintains that because the Tulare Superior Court relied upon the validity of the Ventura County judgment in making its guardianship determination, and because appellant's arguments on appeal also rely upon his legal status as father, there is no longer any actual controversy as appellant no longer has any father status to pursue. As a result, she contends any opinion addressing the merits of appellant's appeal would be advisory only. We agree with respondent and find the appeal is moot. Accordingly, it shall be dismissed.

## PROCEDURAL BACKGROUND

On July 16, 2013, respondent filed a petition for appointment of guardian over the person of the minor J.C.[1] That same date, she filed an ex parte application and petition for appointment as J.C.'s temporary guardian. A hearing was set for July 18, 2013.

---

[1] In this document, respondent indicated J.C.'s biological father was "Larry," last name unknown. She believed he was "homeless and a drug addict."

2.

On July 18, 2013, the Tulare Superior Court awarded respondent temporary guardianship of J.C. It also ordered an investigation be commenced and reports be prepared by family court services and child welfare services. A further hearing on the petition was set for October 3, 2013.

On August 2, 2013, an amended petition for appointment of guardian over the person of minor J.C. was filed with the court.[2]

On August 29, 2013, appellant filed objections to the petition for appointment of guardian.

Respondent filed her reply to appellant's opposition on September 23, 2013. Additional declarations were filed by respondent on September 25, 2013.

On September 26, 2013, the minor's mother, Christine Z., filed a petition for change of venue with the Tulare Superior Court, requesting transfer of the matter to Ventura County. Thereafter, appellant filed a petition to transfer proceedings to Ventura County on October 3, 2013.

At the scheduled hearing of October 3, 2013, appellant appeared with attorney Gregory Gillett.[3] Christine appeared without counsel. Respondent appeared with counsel of record Valerie Deveraux. The court continued temporary guardianship, ordered counsel for appellant to file points and authorities addressing appellant's standing in the matter, and continued the hearing to October 21, 2013. The hearing on Christine's motion to transfer venue was continued to that same date.

Appellant's memorandum of points and authorities and the declaration of Erin Wise were filed October 10, 2013. His declaration was filed October 15, 2013.

---

[2]In the amended petition, J.C.'s biological father is identified as "Dave S[.]" Respondent continued to assert he was believed to be homeless and drug addicted.

[3]Prior to this date, appellant represented himself. Gillett was then almost immediately replaced by attorney Laurie Peters.

On October 17, 2013, respondent filed her memoranda of points and authorities in opposition to appellant's request for legal standing and request for transfer of venue. She also filed a responsive declaration.

Following testimony and argument on October 21, 2013, the court granted guardianship of J.C. to respondent. It also denied Christine's request to change venue. The order appointing guardian and letters of guardianship issued that same day.

On November 26, 2013, appellant filed a notice of appeal.

## DISCUSSION

Respondent argues this appeal is moot in light of events that have occurred subsequent to appellant filing an appeal. Appellant disagrees.[4]

Pertinent to our discussion, on September 2, 2014, this court granted respondent's unopposed motion filed on August 12, 2014. Specifically, that motion asked this court to take judicial notice of the following documents filed in the matter entitled *John D[.] v. Christine[Z.]*, case number D 358563, in the Ventura Superior Court: (1) "STIPULATION FOR ENTRY OF JUDGMENT RE: ESTABLISHMENT OF PARENTAL RELATIONSHIP" filed October 17, 2013; (2) "JUDGMENT" filed October 17, 2013, finding appellant to be the father of minor J.C.; (3) "ORDER ON REQUEST FOR ORDER RE VACATE JUDGMENT; JOIN CLAIMANT LINDA B[.]; AND STAY FURTHER PROCEEDINGS" filed March 26, 2014, inter alia, vacating the October 17, 2013, judgment of parental relationship; (4) "NOTICE OF ENTRY OF ORDER ON REQUEST FOR ORDER RE VACATE JUDGMENT; JOIN CLAIMANT LINDA B[.]; AND STAY FURTHER PROCEEDINGS FILED MARCH 26, 2014" filed April 1, 2014; and (5) "PROOF OF SERVICE—CIVIL" filed April 1, 2014.

---

[4]We note appellant's brief on this issue fails to address any of the legal authorities relied upon by respondent in support of her argument. Absent a few statutory references, appellant's opposition lacks any meaningful analysis of the applicable and available legal authorities. (Cal. Rules of Court, rule 8.204(a)(1)(B).)

*Law & Analysis*

"It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered. [Citation.] This rule preserves the orderly system of appellate procedure by preventing litigants from circumventing the normal sequence of litigation. However, the rule is somewhat flexible; courts have not hesitated to consider postjudgment events … when subsequent events have caused issues to become moot [citation]." (*Reserve Insurance Company v. Pisciotta* (1982) 30 Cal.3d 800, 813.)

It is the duty of an appellate court to decide actual controversies by a judgment, which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the matter in issue in the case before it. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) When, during the pendency of an appeal, an event occurs that renders it impossible for an appellate court, should it decide the case in favor of the appellant, to grant any effectual relief, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Ibid.*; see *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [questions involved become moot because of subsequent acts or events, and reversal in such a case would be without practical effect].)

Even assuming we agreed with appellant's arguments asserted on appeal, we could not grant the requested relief. He asks this court "to void the letters of Guardianship" and to "return the minor to her father." The order granting respondent legal guardianship over J.C. was based on the fact the court acknowledged and accorded deference to the Ventura County judgment, entered just days prior, wherein appellant and Christine stipulated that appellant was J.C.'s father. Now, in light of the fact that judgment has been vacated subsequent to the filing of this appeal, appellant has no legal status as J.C.'s father. As a result, even were we to "void the letters of Guardianship" as he requests, we could not "return the minor" to appellant.

The court below plainly relied upon the Ventura County judgment in making its determination:

5.

"Well, I have reviewed the file, the filings, considered the testimony of the parties, and the reports from Child Welfare Services and Family Court Services. Those reports indicate that—they're consistent with the testimony I've heard today, in that [Christine] has established no stability in her housing, no permanent residence, and that the child missed a great deal of school. The evidence was 58 days in one year and 74 in another. I counted 13 separate SARB[5] letters in the file and information I got[,] incurred while [J.C.] was living with her mother, and that's unacceptable under any conceivable set of circumstances.

"The interview indicated [J.C.] wished to live where she was living with [respondent], feels safe there. It's interesting, we had argument early on about mom smoking the green stuff and using it in food, and whether that was coached or coerced, that's been entirely consistent with the testimony from [Christine] in terms of her consumption of marijuana.

"*For this proceeding, I'm treating [appellant] as the father of the child because, again, I have a judicial determination, that hasn't been appealed or set aside.* I certainly don't get to second-guess the judge who made that determination, nor would I want to. *So I'm treating him as the father.* [¶] … [¶]

"[J.C.] indicated in that report that she did not see [appellant] as a father or father figure …. [¶] … [¶]

"I do find as to both [Christine] and [appellant] that it will be detrimental to place the child with them based on everything I've heard from the evidence and the reports and the testimony.

"I do find by clear and convincing evidence that it would be beneficial and in the best interest of the minor to place the child with her current guardian. I think that—the Court finds that due notice of the hearing has been given. I'll waive notice as to Larry, the natural father because, *again, [appellant] is now the father for purposes of this proceeding*….

"The Court is going to grant the guardianship of the person as to [J.C.] to the [respondent]. … The guardianship will go into effect when letters are issued." (Italics added.)

"[T]he judicial function is the determination of actual controversies between parties and the court may not concern itself with settling abstract questions of law which

[5]"SARB" refers to Student Attendance Review Board.

6.

may never be involved in an actual dispute …." (*National Assn. of Wine Bottlers v. Paul* (1969) 268 Cal.App.2d 741, 746.)  Here, there is no actual controversy.  When the Ventura County judgment was vacated, appellant no longer had status as J.C.'s father, rendering the arguments on appeal moot.

In *In re Esperanza C*. (2008) 165 Cal.App.4th 1042, the San Diego Health and Human Services Agency argued the issues on appeal had been rendered moot when parental rights were subsequently terminated and Esperanza was placed with it for adoption.  Specifically, the agency contended the appellate court could not grant effective relief because Esperanza's prospective family had statutory preference and, thus, the juvenile court's role was limited to a review of the agency's placement decision.  (*Id.* at p. 1054.)  In considering the agency's argument, that court stated:

> "An appellate court will not review questions which are moot and only of academic importance, nor will it determine abstract questions of law at the request of a party who shows no substantial rights can be affected by the decision either way.  [Citation.]  An appeal becomes moot when, through no fault of the respondent,[6] the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.  [Citations.]  On a case-by-case basis, the reviewing court decides whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding.  [Citation.]" (*In re Esperanza C.*, *supra*, 165 Cal.App.4th at pp. 1054-1055.)

While in *Esperanza C*. the appellate court determined that, despite the agency's assertions otherwise, the appellants had "substantial interests at stake that may be

---

[6]California Rules of Court, rule 5.24(e)(1)(A) provides that a "court must order that a person be joined as a party to the proceeding if any person the court discovers has physical custody … [of] any minor child of the relationship."  Temporary guardianship of J.C. was awarded to respondent on July 18, 2013, by the Tulare Superior Court.  Appellant objected August 29, 2013.  Therefore, when appellant and Christine filed the stipulation for entry of judgment establishing a parental relationship as to J.C. with the Ventura Superior Court on October 17, 2013, respondent should have been joined for purposes of that proceeding as she had physical custody of J.C. pursuant to the temporary guardianship order.  It cannot be the "fault of … respondent" that the Ventura County judgment affecting appellant's parental status was subsequently vacated.

affected by the outcome" of the appeal and potential subsequent events, the same cannot be said here.  (*In re Esperanza C.*, *supra*, 165 Cal.App.4th at p. 1055.)  Appellant did not appeal from the order vacating the judgment that concerned his status as father.  When the Ventura Superior Court vacated its judgment, and no appeal by appellant followed, the result is simply that no material questions remain for our determination.  (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316-1317 [where an appeal is taken from a judgment of disposition or from postjudgment orders and an order of the juvenile court terminating either jurisdiction or parental rights becomes final while the appeal is pending, the pending matter is moot].)

Given the circumstances of this case, the appeal does not present issues of continuing public importance or a question capable of repetition that has evaded review. (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.)  Additionally, whether there was sufficient evidence to support the court's ruling, whether the court abused its discretion in favoring a nonparent over a parent, and whether the court judged appellant's conduct on an unfair standard are not questions of continuing public importance because they are based on the particular facts of this case.  (*In re Natasha A.* (1996) 42 Cal.App.4th 28, 38.)[7]

Lastly, we reject appellant's assertion that respondent's "claim that [he] abandoned his status as a 'presumed father' is also without justification" because he "argues throughout his brief that the court refused to consider or understand the significance of a psychological, emotional father, presumed father …."  It is clear from the court's ruling, quoted above, that its determination rested on appellant's status as a legal father pursuant to the then-operative Ventura County judgment. Moreover, the minute order of October 21, 2013, reflects that the court found appellant "has been

---

[7]We have, of course, reviewed the entire record in this case.  If we had any concerns about the sufficiency of the evidence, the application of an unfair standard, or an abuse of the trial court's discretion, we would issue an opinion on the merits.  Because we have no such concerns, an opinion on the merits would simply be advisory.

judicially determined to be the Father of the minor child, and has standing to appear in this matter."

The judgment obtained in Ventura County following a stipulation regarding establishment of a parental relationship between appellant and Christine as to J.C. was vacated subsequent to the filing of this appeal. Hence, appellant has not been judicially determined to be J.C.'s father for any purpose. That court's earlier judicial determination regarding his status played a significant part in the court's guardianship determination. Thus, in the absence of such a finding, his appeal challenging the grant of legal guardianship to respondent is moot. Dismissal is appropriate. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind*, *supra*, 67 Cal.2d at p. 541.)

## DISPOSITION

The appeal is ordered dismissed. Costs on appeal are awarded to respondent.

_____
PEÑA, J.

WE CONCUR:


_____
POOCHIGIAN, Acting P.J.


_____
OLIVER, J.*

---

*Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9.